IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **LILLIE M. COOK,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:22-cv-129 |
| **PRINCE GEORGE COUNTY SCHOOL BOARD,** | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Lillie M. Cook ("Plaintiff" or "Ms. Cook"), by counsel, hereby sets forth Complaint for relief against the Prince George County School Board, ("Defendant" or the "School Board"), and hereby alleges the following causes of action:

## INTRODUCTION

1. Plaintiff brings causes of action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, against Defendant, Prince George County School Board, arising from discrimination on the basis of race and retaliation for engaging in protected activity.

## PARTIES

2. Ms. Cook is African American and a citizen of the Commonwealth of Virginia, residing in Prince George County, Virginia.

3. Defendant, Prince George County School Board, is the governing body of Prince George County Public Schools ("PGCPS"), located in Prince George County, Virginia. On information and belief, the School Board and/or PGCPS employs over 500 employees.

4. At all relevant times, Plaintiff was an employee of the School Board as defined by 42 U.S.C. § 2000e(f).

5. At all relevant times, the School Board was an employer of Plaintiff as defined by 42 U.S.C. § 2000e(b).

## JURISDICTION AND VENUE

6. On August 27, 2020, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race/color discrimination and retaliation.

7. On December 8, 2021, the EEOC issued a Notice of Right to Sue Letter to Ms. Cook.

8. Ms. Cook received the Notice of Right to Sue Letter on December 12, 2021.

9. Ms. Cook timely filed this action less than ninety (90) days after receipt of the Notice of Right to Sue.

10. This Court has subject matter jurisdiction pursuant to Title VII.

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the causes of action arise under Title VII, a law of the United States.

12. Venue for this action lies properly in the United States District Court for the Eastern District of Virginia, Richmond Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Ms. Cook's claims occurred in Prince George County, Virginia, which is a territory included within those assigned to the Richmond Division of the Eastern District of Virginia.

## FACTUAL BACKGROUND

13. Ms. Cook previously drove school buses in the State of New Jersey from October 1986 until June 2012

14. The School Board employed Ms. Cook as a school bus driver from on or about January 13, 2013 until June 2020.

15. At all relevant times stated herein, Ms. Cook satisfactorily performed her job duties and met the legitimate business expectations of the School Board.

16. Prior to January 28, 2020, Ms. Cook had very few if any disciplinary reports in her prior years of employment with the School Board, and in any case most of all were corrected and none were of any consequence as all prior years of bus contracts had been renewed.

17. Further, Ms. Cook never received any type of negative performance evaluations in her preceding years of service for the School Board as a school bus driver, as all such evaluations were either outstanding or very good for the period of 2015-2018. There is no known performance evaluation given to Ms. Cook, or other bus drivers for the year 2018-2019, but her bus contract was renewed for the year 2019-2020 beginning September 3, 2019 and ending June 12, 2020 for a total salary of $30,420 for 180 days of employment as a grade driver Step 15. Ms. Cook also had a separated 2019-2020 contract for 180 days of employment for $4,680.00 at grade driver Step 15 for a "Shuttle Run-1 Hour."

18. On or about October 1, 2019, the School Board hired Dustin Nase ("Mr. Nase"), Caucasian, as Director of Transportation who was the supervisor of Ms. Cook and other bus drivers of the School Board. Mr. Nase began his employment with the School Board on or about October 15, 2019 and ended his employment on or about March 20, 2021.

19. Mr. Nase was the brother-in-law of Chris Johnson, a member of the School Board and Caucasian.

20. Mr. Nase was also the son of Pam Wiggins, a long-time and current bus driver for the School Board and Caucasian, and his wife, Caucasian, was a teacher for the School Board at the time of his hire.

21. Mr. Nase had no prior pupil transportation experience and had never before worked in any capacity for the School Board. Mr. Nase's prior employment background was in refuse disposal.

22. At one of several bus driver meeting held by Mr. Nase in November of 2019, Mr. Nase specifically singled out Ms. Cook by stating to the gathering that Ms. Cook was a good, skilled driver, and did her job well. Mr. Nase even added that if he was not married he would marry Ms. Cook.

23. On or about December 18, 2019, Mr. Nase held a holiday party for the Transportation Department of PGCPS. The party was originally scheduled for December 19, 2020, and was held on school property from 10:30 a.m. to 1 p.m. The party was optional, and attendance was not required.

24. Ms. Cook did not attend the holiday party. Instead, she attended a pre-planned breakfast on the morning of December 18, 2019, with other fellow bus drivers at the Golden Corral in Colonial Heights, Virginia.

25. Mostly African-American bus drivers attended the breakfast at the local Golden Corral, while mostly Caucasian bus drivers attended Mr. Nase's holiday party.

26. Mr. Nase distributed PGCPS Transportation Department jackets to all transportation employees present at the holiday party. Ms. Cook and another African-American bus driver who did not attend Mr. Nase's holiday party were not offered a jacket.

27. On or about January 10, 2020, bus driver Ashley Rhodes ("Ms. Rhodes"), Caucasian, allegedly advised Mr. Nase that Ms. Cook and another African-American bus driver has spoken "negatively" about Mr. Nase while gathered outside of their buses with other drivers waiting for the pickup of students as a local school, and that Mr. Nase should review the bus "tape" of the other African-American bus driver named Addie Thweatt.

28. Thereafter, Mr. Nase reviewed a school bus video tape which allegedly captured the comments of Cook and others regarding Mr. Nase. Mr. Nase was not present at the time Ms. Cook made the alleged negative comments about Mr. Nase to two or three other school bus drivers.

29. Mr. Nase thereafter requested the School Board's Chief Human Resources Officer Dr. Laura Estes ("Dr. Estes") and School Board Superintendent Dr. Lisa Pennycuff ("Dr. Pennycuff") to look into the January 10, 2020 bus video tape and related comments by Cook and the other bus drivers.

30. Dr. Pennycuff became the School Board's Superintendent in July 2019, and Dr. Estes became the School Board's Chief Human Resources Officer on January 6, 2020.

31. On January 21, 2020, Ms. Cook was unexpectedly called into a meeting between Dr. Pennycuff and Dr. Estes. In the meeting, Dr. Pennycuff accused Ms. Cook of behavior and speech undermining the mission and goals of the School Board and undermining Mr. Nase based on the January 10, 2020 video tape. Ms. Cook's speech was also accused of leading to what was perceived as a "boycott" of the team-building holiday gathering for the transportation team, and nonattendance at meetings or events considered team-building opportunities, even if not labeled as mandatory.

32.     The video tape is very hard to hear and fails to identify Ms. Cook's voice and words said, was in no way disruptive to students, parents or others in the area, and Ms. Cook strongly denied any efforts of being involved in any type of "boycott."

33.     In response to the January 21, 2020 meeting, Ms. Estes issued Ms. Cook a Letter of Reprimand date January 22, 2020, and presented to her on January 28, 2020, which she refused to sign. In addition to what is set forth in paragraph 30 above, the Letter of Reprimand noted, "[t]his reprimand includes notification that Mr. Nase, as Director of Transportation, will provide his professional recommendations for continued employment for the 2020-2021 school year to the Superintendent and the School Board, and based on the counter-productive and unprofessional behavior cited at this time, you may not be offered continued employment as a driver for PGCPS. Any additional reports or events indicating continued negative or unprofessional [sic] as a team member of the transportation department and the PGCPS team, will led to non-renewal, and or up to immediate dismissal."

34.     On February 3, 2020, Ms. Cook filed a typed letter of Report of Harassment and Discrimination with the School Board based upon the persistent and unreasonable actions taken by the School Board in its Letter of Reprimand presented to her on January 28, 2019 and Mr. Nase in particular.

35.     Thereafter, apparently word of Ms. Cook's filing of a Report of Harassment and Discrimination with the School Board involving Mr. Nase was relayed to or made know to Mr. Nase, and Mr. Nase in turn relayed the same to others to certain bus drivers, and as a result approximately seven or more letters were generated by seven Caucasian bus drivers and addressed to School Board officials in support of Mr. Nase, including Ashley Rhodes and Mr. Nase's mother, Ms. Pam Wiggins, who handwrote an eight-page letter addressed Dr. Pennycuff, Dr. Estes, and

6

the School Board. Most, if not all, of the letters claimed that Ms. Cook was behind the efforts to have Mr. Nase removed as Director of Transportation. All the bus drivers who wrote letters on behalf of Mr. Nase and who were given annual performance evaluations by Mr. Nase received at least satisfactory evaluations and were given bus contracts for 2020-2021.

36. On or about February 11, 2020, Ms. Cook was issued a formal verbal coaching form by her department supposedly based on a "citizen complaint" to the Police Department that Ms. Cook's bus had run a stop light at Prince George Drive and Route 460 on February 5, 2020. Ms. Cook denied the event to her superiors. This was a false complaint, made up and/or advanced by Mr. Nase or other employees of the School Board. There were no complaints filed against Ms. Cook or her bus with any local police authority based on a Freedom of Information Act (FOIA) request by Ms. Cook to the Police Department and answered by letter addressed to Ms. Cook and dated February 18, 2020 from Prince George County Assistant Commonwealth Attorney Andrea G. Erard, which stated: "I have your request for a copy of the Police Report from a concerned citizens call on February 5, 2020 at the intersection of Route 460 156. We are unable to locate any information regarding this call. Thank you for contacting this office." Said letter is incorporated herein by reference.

37. Also, on or about February 12, 2020, Ms. Cook was given a written disciplinary form dated February 11, 2019 for failing to turn in her assigned bus seating chart with the alleged occurrence dates of 11/4/19-12/14/19-2/5/2020. This alleged matter was not raised by Mr. Nase, Dr. Pennycuff, or Dr. Estes in the January 22, 2020 Letter of Reprimand issued by them or on their behalf to Ms. Cook. Further, on February 5, 2019, Ms. Cook had turned in her bus seating chart for bus 105 MCH, and as of 9:31 a.m. on February 11, 2019 she was to turn in her bus seating chart for her route involving Walton Elementary later that day.

38. Upon information and belief, no other bus driver was issued any similar type of written disciplinary notice by Mr. Nase or his department for not turning in seat assignments.

39. Thereafter, the so-called investigation of the complaint of harassment and discrimination by Cook to the School Board was undertaken by three employees, two Caucasians and one African-American. The report was incomplete and deficient, failed to interview the applicable parties or witnesses and failed to properly assess or consider the evidence obtained and apply the law, and was biased towards the School Board and its management employees in finding not sufficient enough evidence of discrimination.

40. By letter dated February 17, 2020, William Barnes, Assistant Superintendent of the School Board and Caucasian, stated, in part, "the information revealed in the investigation did not rise to the level of harassment or discrimination to support the complainant's allegations," without providing any substantive reasoning or justification. On information and belief, the same office previously sent the same form letter to another African-American employee regarding the same or similar complaints.

41. On February 19, 2020, Ms. Cook and others, by counsel, submitted a FOIA request to PGCPS. The FOIA request sought the following items: (1) Job description of Director of Operations for Prince George County Public Schools for the time period of January 1, 2018, to the present; (2) Job description of Director of Transportation for the Prince George County Public Schools for the time period of January 1, 2018 to present; (3) Any and all emails containing/involving the words boycott, holiday party, Christmas party, venting party, team building, jacket(s), Mr. Nase's party and/or his Christmas party for the time period of October 1, 2019 to the present; (4) Any and all emails containing the names Lillie Cook, Canytha Martin,

8

Addie Thweatt, Clearance Thweatt and/or Wayne Moore for the time period of October 1, 2019 to present.

42. On March 5, 2020, PGCPS responded to Ms. Thweatt's FOIA request by stating that if Ms. Cook wanted personnel materials concerning the aforementioned items, she would need to pay PGCPS $99,022.00. Ms. Cook declined the invitation to pay the incomprehensible and wholly deflective sum to PGCPS.

43. On or about April 2, 2020, Mr. Nase issued his first performance evaluation of Ms. Cook since assuming the role of Director of Transportation. Unlike Ms. Cook's positive performance evaluations over the prior years, Mr. Nase's performance evaluation was the most negative that Ms. Cook had received in her over seven years of service with the School Board. Mr. Nase gave Ms. Cook an overall "Unsatisfactory" rating, including five specific categories of unsatisfactory and three "Improvement Needed" ratings out of a total of eleven categories. Mr. Nase's factually false and pretextual performance evaluation resulted in Mr. Nase taking the position that Ms. Cook not be recommended for renewal of her bus driving contract for the period 2020-2021.

44. Mr. Nase also issued Ms. Addie Thweatt her first ever unsatisfactory performance evaluation in approximately forty years of employment with the School Board and recommended her non-renewal of her bus contract for the period 2020-2021.

45. Ms. Cook and Ms. Thweatt were the only two bus drivers out of some 90 bus drivers who were given unsatisfactory performance evaluations and who were both recommended for non-renewal of their bus contracts by Mr. Nase.

46. The School Board and/or Mr. Nase, among others, did not criticize, reprimand, or otherwise admonish other bus drivers who attended breakfast at the Golden Corral on December

9

18, 2019.  Elizabeth Dunlow ("Ms. Dunlow"), the one Caucausin bus driver who was reprimanded as a result of the January 10, 2020 video tape, was told by Dr. Pennecuff and Dr. Estes to apologize to Mr. Nase, which she did, and her later annual performance evaluation by Mr. Nase was at least satisfactory and her bus contract was renewed for 2020-2021.

47. On or about April 17, 2020, after Mr. Nase issued his performance evaluation of Ms. Cook and recommending to Dr. Pennycuff that Ms. Cook's contract not be renewed for the 2020-2021 school year, Dr. Pennycuff informed Ms. Cook by letter that she would be recommending to the School Board that Ms. Cook's contract not be renewed. At that time, Ms. Cook had served as a PGCPS bus driver for over seven years.

48. On or about May 21, 2020, Ms. Cook discovered she had not been placed on the new school employee-roster for school year 2020-2021 and that her contract would not be renewed.

49. On or about May 28, 2020, after learning that her contract would not be renewed, and rightly fearing that the School Board had not or would not renew her bus contract for 2020-2021 by following and acting upon the recommendations of Dr. Pennycuff and/or Mr. Nase, compounded by Ms. Cook's overall "Unsatisfactory" performance evaluation, Ms. Cook tendered her forced Letter of Resignation by hand to PGCPS Human Resources, effective June 12, 2020.

50. Upon information and belief, Ms. Cook was replaced by a Caucasian bus driver.

## STATEMENT OF CLAIMS

### COUNT I:
### DISCRIMINATION ON THE BASIS OF RACE
### IN VIOLATION OF TITLE VII (42 U.S.C. § 2000e-2(a)(1))

51. Plaintiff incorporates by reference and realleges each allegation set forth above.

52. Plaintiff is African American and a member of a protected class.

53. At all relevant times, Plaintiff was satisfactorily performing her job duties and otherwise meeting her employer's legitimate expectations.

54. The School Board, and Mr. Nase in particular, discriminated against Plaintiff because of her race by treating Plaintiff differently than similarly situated Caucasian bus drivers.

55. On January 21, 2020, the School Board, by and through Dr. Pennycuff and Dr. Estes, wrongfully accused Ms. Cook of boycotting Mr. Nase's non-mandatory holiday party.

56. On January 22, 2020, the School Board, by and through Dr. Estes, issued Ms. Cook a Letter of Reprimand for allegedly speaking negatively about Mr. Nase and complaining about the unfair profiling and/or targeting of her by Mr. Nase and other administrators which is the very subject of this complaint.

57. On or about February 11, 2020, Mr. Nase wrongfully caused to be issued two disciplinary letters to Ms. Cook for running a red light and not timely turning in her bus seating assignments.

58. The School Board, and Mr. Nase in particular, disciplined other similarly situated Caucasian school bus drivers differently, or not at all, for conduct that was similar to, or more egregious than, the conduct for which the School Board reprimanded Ms. Cook, and in any event renewed their bus contracts for 2020-2021.

59. On or about April 2, 2020, Mr. Nase issued his first performance evaluation of Ms. Cook since assuming the role of Director of Transportation with an overall "Unsatisfactory" rating. Mr. Nase recommended to Dr. Pennycuff that Ms. Cook not be recommended for renewal of her contract.

60. Dr. Pennycuff accepted said recommendation and did not recommend renewal of Ms. Cook's bus contract to the School Board, and the School Board acting on all of Pennycuff's

recommendations submitted to it did not renew the bus contracts of both Ms. Cook and Ms. Thweatt.

61. Ms. Cook was replaced by a Caucasian bus driver.

62. Due to the racial discriminatory actions of the School Board, Plaintiff suffered lost wages and benefits, emotional distress, anxiety, stress, embarrassment, humiliation, pain, suffering, damage to her reputation, and loss of enjoyment of life.

## COUNT II:
## RETALIATION IN VIOLATION OF TITLE VII (42 U.S.C. § 2000e-3(a))

63. Plaintiff incorporates by reference and realleges each allegation set forth above.

64. On February 3, 2020, Ms. Cook engaged in protected activity by filing a Report of Harassment and Discrimination, detailing several instances of disparate treatment.

65. The School Board proceeded to engage in retaliatory conduct over the next few days and weeks by allowing Mr. Nase to leak her report of harassment and discrimination so other bus drivers would send in letters of support on behalf of Mr. Nase and speak negatively of Ms. Cook.

66. On February 11, 2020, the School Board contrived yet another two unfounded and false performance issues through a written and verbal disciplinary forms directed to Ms. Cook.

67. In April 2020, Mr. Nase issued a negative performance evaluation of Ms. Cook, and recommending the non-renewal of her bus contract of 2020-2021.

68. On or about April 17, 2020, Dr. Pennycuff informed Ms. Cook by letter that she would be recommending to the School Board that Ms. Cook's contract not be renewed.

69. On or about May 21, 2020, Plaintiff learned the School Board would not be renewing her bus employment contract for 2020-2021.

70. On or about May 28, 2020, after learning that her contract would not be renewed, Ms. Cook tendered to the School Board her forced Letter of Resignation, effective June 12, 2020.

71. The School Board following all of the contract recommendations of Pennycuff and/or Nase took adverse employment action against Ms. Cook by not renewing her bus employment contract in May 2020 for the 2020-2021 contract year.

72. Due to the actions of the School Board, Plaintiff suffered lost wages and benefits, emotional distress, anxiety, stress, embarrassment, humiliation, pain, suffering, damage to her reputation, and loss of enjoyment of life.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in her favor against Defendant, Price George County School Board;

B. Declare the acts and practices complained of herein are in violation of Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*;

C. Enjoin Defendant from engaging in such unlawful employment practices under Title VII;

D. Order such affirmative action as may be appropriate, including, but not limited to, hiring Plaintiff to a comparable position at PGCPS or to her former position or, in the alternative, award Plaintiff front pay;

E. Award all back pay and benefits, including salary increases, bonuses, vacation pay, and other benefits, with interest on the same running from June 12, 2020 to the date a final judgment is entered for her;

F. Award compensatory damages, including, but not limited to, emotional and mental distress, anxiety, stress, embarrassment, humiliation, pain, suffering, damage to her reputation, and loss of enjoyment of life;

G. Award reasonable attorneys' fees and costs;

H. Award a separate amount to offset the adverse tax effects of any lump sum payments of damages awarded herein;

I. Award pre- and post-judgment interest on any monetary award; and

J.  Award all other such equitable relief as may be appropriate to effectuate the purposes of Title VII, including leave to amend the facts, add parties and claims, and amend damages sought as further evidence is obtained through discovery in this matter.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

**LILLIE M. COOK**
*Plaintiff*

By: _____/s/_____
James B. Thorsen, Esq.
VSB No. 18113
Jesse A. Roche, Esq.
VSB No. 82579
Attorneys for Plaintiff
THORSENALLEN LLP
5413 Patterson Avenue, Suite 201
P.O. Box 17094
Richmond, Virginia 23226
Telephone: (804) 447-7234
Facsimile: (804) 447-7813
E-mail: jthorsen@thorsenallen.com
E-mail: jroche@thorsenallen.com